Next case for argument is United States v. Golden. Mr. Hillis. Good morning. May it please the court. Counsel, I'm Daniel Hillison with the Federal Public Defender's Office and I represent Mr. Golden. He raises four wrongly found government-approved aggravated battery and mob action, the two offenses used to revoke Mr. Golden's supervised release. Under Illinois law, aggravated battery requires proof that a person caused a victim's great bodily injury. That's one of the manners of proving aggravated battery. That injury has to be more serious than cuts and bruises and Illinois law is clear on this. We cite NRA JA as well as People v. Costello. Here, the victim had cuts in his mouth, a cut in his mouth, and bruises. Those do not establish great bodily injury and so they do not suffice for that variant of aggravated battery. The government proof was lacking. The government could also try to establish an aggravated battery and that the victim was battered in a public, on public property. However, the government never tried to prove aggravated battery in that fashion. It did not offer any proof and so it did not meet its burden and it was the government's burden under United States v. Goad to establish the necessary elements of whatever offenses were alleged and that's consistent with due process as well. Well, the fight occurred in the county jail. Yes. That's public place to include jails. There is some case law on that, but the judge never made that determination. The government never came in with that as proof. Well, it's appropriate for judicial notice, right? Certainly, but they didn't ask the judge to take judicial notice. Well, we can, right? You can affirm on any basis. However, there should be proof that is offered and in fact, the statute doesn't define public place to include jails. There is some case law on that, but the judge never made that determination. The government never came in with that as proof. Well, the Illinois law says public property is government owned property and a county jail is government owned property. It provides five different places that could satisfy. However, the government came and it should defend what it argued in the district court and the proof on that was about a great bodily injury. The government didn't offer the additional variation as proof. Well, and on the great bodily injury point, there are cases that demonstrate that bruises and lumps and that sort of thing constitute great bodily harm. It's very fact bound and the court found here that multiple inmates body slamming, punching, kicking the victim in this case and putting him in the hospital on the suspected concussion is great bodily harm. That seems to me a sustainable factual finding on this record, even though no bones were broken, you know, he didn't need stitches and none of that is per se required. It's a factual question for the fact finder. So far as there are multiple people involved in the fracas, I don't think that we can hold my client responsible for the injuries that were caused. And if we look at what the injuries that were caused, there was a suspected concussion, but there was no proof that he was concussed. They brought him in for observation. There's no proof that was offered on that. As a matter of due process, the government should not be able to come into court and say, there was an alleged great bodily injury, and then have the district court instead find that there's proof in so far as where the place of the offense was by its commission. The government had a burden. It proceeded on the theory that there was an aggravated battery of great, based on great bodily injury. The proof that your honor mentioned is putting a net over all the activities of different individuals, holding my client responsible for those, but more importantly, that's perfectly acceptable in the context of this statutory statute. If you participate in a fight with others, you're responsible for what happens to the victim. And if this were a jury verdict on a criminal charge of aggravated battery, a sufficiency of the evidence argument would fail. I don't think that it would under NRAJA and Costello, because the injuries that were described here to the court and that were proven were minor injuries that don't suffice the great bodily injury. The cases that supported people versus Smith is one, and there are others. I don't think that my client's injuries would suffice even under that case law, your honor. The injuries were far too minor here relative to the injuries that were required for great bodily injury in the other cases. It's so far as, if I may move on to mob action, we have another problem. The government specifically said that it was not relying on mob action. It said so in its brief, I think it's page 31, note 4 of its opening brief. And if the government, again, as a matter of due process, is not going forward on a particular theory, my client then, as a matter of due process, as a matter of proof, shouldn't be held accountable for something that wasn't proven. You can't prove, excuse me, you can't revoke somebody's supervised release for unproven conduct, which is what would happen if the mob action theory was accredited here, was credited rather. So I think that's a problem for both reasons that I've outlined. And if the government hasn't satisfied its burden of proof, then there is no sufficient evidence to revoke under 18 U.S.C. 3583E3. If there are no further questions on that topic, I'd like to turn to the second issue about whether or not the district court erred in finding that Mr. Golden committed a grade A violation of supervised release. And for there to be a grade A violation, there had to be a crime of violence per U.S.S.G. section 4B.1. Mob action and aggravated battery, neither are enumerated offenses. And so it would have to be under the residual clause that those satisfy, but they don't. The manner in which either offense can be committed, neither require violence. So far as this court's case law is determinative on this issue, there's United States v. Cole. And, of course, the government tries to point out how that may help it. But Cole is undermined greatly, as the government acknowledges, by the fact that Johnson v. United States, the Supreme Court case, was decided subsequent to Cole. And so I don't think that Cole is solid footing for anyone to determine that there's a crime of violence here. Well, right, this would qualify on an elements-based analysis. And in any event, the modified categorical approach does not apply in these circumstances. We're not looking at what sort of conviction the underlying or what sort of crime the underlying conviction constitutes. We're looking at what the defendant actually did. And he actually pummeled this guy. But to make that determination, you have to look to the facts, which are evident through the video. But I don't think that is allowable for the district court to look at that as a Shepard matter. Shepard, Taylor, that line of cases just doesn't apply here. This is an actual conduct part of the guidelines. This is not an evaluation of an underlying conviction, which is where the categorical approach applies. So Taylor, Shepard, Johnson, all of those cases are out. I would have to fall back still then to whether it could be a battery versus an aggravated battery, which is the difference between a grade A and a grade B. Well, doesn't aggravated battery under Illinois law just requires bodily harm plus that it was inflicted on public property? That's one of the means of proving it, yes. Why isn't that enough? It would be if the government merely did the very simple thing of proving that the jail was a public place. But what do you mean proving the jail is a public place? That is such a weak argument. Private jails? Well, I'd like to make a stronger one then. The government should dance with the hoop room. Wait a second. Are there private jails? Yes. What is a private jail? Well, the Sangamon County Jail isn't one of them, but Corrections Corporations of America, there are a lot of providers of jail space. No, no, no. Is the jail owned by – they may have hired a company to supply guards or something, but is the jail itself a private property? It's a county jail, Judge. Okay, so you have public property, you have bodily harm. What more do you need? Well, we would like them to have proven that the county jail is a public place. Well, what does that mean? Prove the obvious? Yes. That's ridiculous. All elements need to be proven, even obvious ones. Oh, come on. What is it, proof that it's the United States? How about that? If it was an element of the offense, yes. And the government – Now that's – look, come on now. This is ridiculous. Proving the obvious. What is the point of proving the obvious? We know it's a public jail. Yes. Why do you have to have proof of something that's known? Only because it's an element, Your Honor. Why? Why? Is law senseless? Is that what you're saying? Sometimes I think that it is, but in this case it's an element. And you're relying on what you consider to be a senseless provision of law. No, sir. What we're relying on primarily is the government came in and argued that there was an aggravated battery based on great bodily injury. The injuries were insufficient. They don't need the great bodily injury because they have the public jail. Yes, and have they only bothered to prove that? Well, that's good enough. They have no complaint. I don't understand you. You have to prove that the sun rises, that the moon is sometimes a sliver and sometimes round? Your Honor, all I can do is point to the elements. But more importantly, I'd like to, again, emphasize what the government – I don't get that. I don't understand your approach. I don't like it. Okay. The government, though, argues – This technicality is carried to an extreme. Government has to prove two and two is four, sun rises, sun sets. Sir, it's as much about notice in this case where the government – That's stupid. That's what it is. It's just stupid. So even if we buy into your theory it was an error for the district judge to not make a specific finding, surely it was harmless error and we can take judicial notice of the fact you've conceded it's a county jail right here, so it's public property, right? I would concede that it's a county jail. And if that meets the definition of public property, that's fine, too. My fundamental problem, though, is the government alleged great bodily injury and it did not try to prove the offense in a different manner. That's my fundamental problem. Yeah, but the video was there and there was a witness that testified, right? So you disagree. With the video and the witness's testimony. No, no. But the video shows and the witnesses testify. No, Your Honor. And the judge looked at it differently. No, Your Honor. I don't. That's not my position at all. My position is the government argued one variant of aggravated battery and its proof was inadequate on that. The district court found that it was proven through a different variant of aggravated battery. But as a matter of due process, that's not what we were defending in the district court. You have no defense. You admit that. That would be a very difficult one for us to defend. You have no defense. Admit it. You have no defense. If it were that variant, it would be. So why should that lead to what? Do you want a trial? Do you want a new trial? We know what the outcome will be, of course. You just want to go through the, jump through the hoops, right? No, I'd like to be found. You're going to fight it. You're going to try to show it's not a public property. No, I don't think that they should be able to go back and prosecute as a matter of due process. I think that it's essential. So this guy gets off because of this mountain of technicalities that you've erected? Elements are not technicalities, and no, the gentleman wouldn't get off. Of course they're technicalities. This business about they didn't prove it was public property, that's not a technicality? It's, again, more about did it prove great bodily injury. The technicality of the other. You don't need the great bodily injury if you have the public property. Yes, it's a different barrier here. I agree with that. If there are no further questions. Okay. Thank you. Thank you, Mr. Hillis. Mr. Walters. Good morning, Your Honors. May it please the Court, Mr. Hillis. There was proof that it was public property. It's undisputed that this was Sangamon County, and the law states that county jails are public property as Illinois has interpreted its law. The fact that we didn't ask the Court to take judicial notice of state law is respectfully a very weak argument when they are presumed to know the law. As far as his due process argument that he wasn't on notice that we were proceeding under the public place theory, I'd like to direct the Court's attention to 106 of the transcript in which defense counsel stands up and states all the government is required to prove is that Mr. Golson committed a battery in a public place. We had discussed in our pre-hearing memo the theory of public place, and then the judge makes her findings, and she notes subsection C of the aggravated battery statute that says the battery may occur on or about a public way, public property, place of public accommodation, et cetera. This isn't an issue of notice. He was on notice. We proceeded under a theory of public place as well as great bodily harm. So there are multiple grounds on which this Court can affirm based on, if you even want to apply the categorical approach, which we agree with you, Judge Sykes, does not apply in the context of real offense conduct of 7B1.1, but even if you wanted to proceed under the categorical approach, aggravated battery, that is causing a bodily harm in a public place, is a felony under Illinois law. Unless there are other questions, we'd briefly address, if you'd like, the supervisor lease argument. That was waived by the defense. They gave that away right in the district court, withdrew all the objections. Yeah. I think his argument is twofold, though, that the judge did make the right findings, which there would be law that the court could rely on that says that can't be waived. She has to make findings. But regardless, looking at the sentencing package as a whole and the description of the sentence as a whole, she more than supported the conditions, the term, as well as the term of imprisonment, and we agree, Judge Sykes, that any argument about the substance is waived because she imposed the precise conditions that defense counsel said explicitly he had no objections to. So unless there are other questions from the court, we tender back our time and would ask that you affirm the judgment of the district court in all respects. Thank you. Okay. Thank you, Mr. Walters. Mr. Hillis, anything further? I think it's incorrect to characterize what the defense counsel said was essentially the closing argument, which is basically what page 106 is about what the government needed to prove. And regardless, what defense counsel says, it does not establish what the law is by way of the elements in the required proof. So I don't think that we can hang our hats on that. I didn't think that there was a waiver. We've set out our position in the brief, as well as the conditions, and the length of supervised release that was chosen here under Downs and under Henry. The district court should have made findings for the three-year period of supervised release. Otherwise, it appears arbitrary and incapable of review by this court. Beyond that, I have nothing further. Thank you. Okay. Well, thank you very much to both counsels.